Timothy Y. Fong
CA SBN #255221
3333 Bowers Avenue, STE 130
Santa Clara, CA 95054
Tel 408-627-7810
Fax 408-457-9417
tyfong919@gmail.com

Attorney for Debtor
Kimberly Cox - 9054
131 Sutphen St.
Santa Cruz, CA 95060

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 5:10-bk-61716 |
| KIMBERLY COX | DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIMBERLY COX IN SUPPORT OF MOTION |
| | 11 U.S.C. § 554(b) Rule 6007 |
| Debtor / | [No Hearing Required] |

## NOTICE OF MOTION AND MOTION

To THE HONORABLE U.S. BANKRUPTCY JUDGE; CHAPTER 7 TRUSTEE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND TO ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that KIMBERLY COX (the "Debtor") in the above referenced case herewith files and notifies you, of her Motion to Compel the Chapter 7 Trustee under 11 U.S.C. § 554 to

abandon her real property commonly known as 131 Sutphen St., Santa Cruz, CA 95060.

The Motion is based on this Notice, the Motion; the accompanying Memorandum of Points and Authorities; and, the Declaration of Kimberly Cox in Support of said Motion and all other filings in this case.

PLEASE TAKE FURTHER NOTICE that pursuant to Bankruptcy Rule 6007, the deadline for filing and serving any objection to abandonment of the Property must be filed within fourteen (14) days of the mailing of this notice or within the time fixed by the court. If no written objection is received, an order approving the abandonment may be entered.

Dated: 04/01/2011  /s/ Timothy Y. Fong
Timothy Y. Fong
Attorney for Kimberly Cox

4       1. KIMBERLY COX is the Debtor in possession and party in
5  interest ("COX") to the real property commonly known as 131
6  Sutphen St., Santa Cruz, CA 95060 ("Property").
7       2. The assigned Chapter 7 Trustee is John W. Richardson and
8  John W. Richardson & Associates of 5161 Soquel Drive, Suite F,
9  Soquel, CA 95073 ("Trustee").
10      3. On 02/11/2011, a meeting of creditors was held at the
11 direction of the Trustee. One issue raised by the Trustee was
12 regarding the value of the Property and the amount of the related
13 debt. Due to COX not knowing the value of the Property and
14 submitting the value as "unknown" in the schedules, the Trustee
15 asked COX to obtain a Comparative Market Analysis for the Property
16 from an independent third party ("CMA") so the Trustee could have
17 an estimated value for the Property. The Trustee also asked COX
18 to provide a payment statement for the Property ("Statement"),
19 which the Trustee stated would show him what is allegedly owed on
20 the Property. Accordingly, the Trustee continued the Meeting of
21 Creditors to 02/25/2011.
22      4. At the Meeting of Creditors held on 02/25/2011, the
23 information requested by the Trustee was provided. Upon review of
24 the information and conclusion of the Meeting, the Trustee stated
25 that he was completed with his work and would "close the case";
26 indicated he viewed the alleged debt on the Property was more than

the estimated value, and he would not pursue any further action on the Property, inferring the Property was burdensome to the bankruptcy estate.

5. As a consequence, the Trustee caused to be filed on 03/11/2011 a Chapter 7 Trustee's Report of No Distribution.

## II.

## THE BANKRUPTCY COURT HAS THE AUTHORITY TO GRANT THIS MOTION

6. The Chapter 7 case vests distribution of and/or disposition of the bankruptcy estate property of the debtor with the Chapter 7 Trustee. Upon abandonment by the Trustee, the property reverts to the party holding the possessory interest or to the Debtor and the property interest is restored *nunc pro tunc* as of the filing of the bankruptcy petition (*In re Kreisel* (BC CDCA 2008) 399 B.R. 679, 687; *Catalano v. Commissioner of Internal Revenue Service* (9th Cir.2002) 279 F.3d 682, 685).

7. The Bankruptcy Code authorizes the Bankruptcy Court to order the Trustee to abandon any property of the estate that is burdensome to the estate (11 U.S.C. § 554(a) and (b)).

## III.

## THE DEBTOR HAS GIVEN ADEQUATE NOTICE OF THIS MOTION

8. Abandonment by the Trustee may occur after notice and an **opportunity** for a hearing (11 U.S.C. § 554(a) and (b); Bankruptcy Rule 6007 et. seq; *Sierra Switchboard Co. V. Westinghouse Elect. Corp.* (9th Cir.1986) 789 F.2d 705, 709)).

9. If no one objects and requests a hearing after notice of the motion is given to all parties, the "after notice and hearing"

1 requirement of 11 U.S.C. § 554 is deemed satisfied and the Trustee
2 may then abandon the property without obtaining a Court order or
3 the Court may order that the Property be deemed abandoned (*Matter*
4 *of Killebrew* (5th Cir. 1989) 888 F.2d 1516, 1522, fn. 16; *Sierra*
5 *Switchboard Co. v. Westinghouse Elec. Corp.*, supra; Bankruptcy
6 Rule 6007 et seq).

7   10.   § 102 of the Bankruptcy Code provides in pertinent part:

>   (1) "after notice and a hearing", or a similar phrase—
>     (A) means after such notice as is appropriate in
>     the particular circumstances, and such
>     opportunity for a hearing as is appropriate in
>     the particular circumstances; but
>     (B) authorizes an act without an actual hearing
>     if such notice is given properly and if—
>       (i) such a hearing is not requested timely
>       by a party in interest; or
>       (ii) there is insufficient time for a
>       hearing to be commenced before such act must
>       be done, and the court authorizes such act;

15   11.   The Debtor has provided the Trustee, purported
16 creditors and appropriate potential parties in interest with
17 Notice and of this Motion.

## IV.

## CONCLUSION

20   THEREFORE, COX herewith moves this honorable court to enter an
21 order compelling the TRUSTEE to abandon the Property in accordance
22 with 11 U.S.C. Section 554 and Bankruptcy Rule 6007 et seq and/or,
23 if no timely objection to the abandonment of the Property is filed
24 within the next fourteen (14) days after mailing of this notice of
25 the proposed abandonment, the Court rule the Property is deemed to
26 be abandoned.

-5-

MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY

Case: 10-61716   Doc# 24   Filed: 04/01/11   Entered: 04/01/11 15:34:49   Page 5 of 8

Dated: 04/01/2011          /s/ Timothy Y. Fong
                           Timothy Y. Fong
                           Attorney for Kimberly Cox

## DECLARATION OF KIMBERLY COX

I, Kimberly Cox declare as follows:

1. I am the Debtor in the above captioned Chapter 7 case and the following facts are within my personal knowledge and if called upon to testify, I could and would testify as the following facts.

2. I am the owner of the real property commonly known as 131 Sutphen St., Santa Cruz, CA 95060 ("Property") and I am currently in possession of the Property.

3. On or about 11/17/2010, I filed the currently pending Chapter 7 bankruptcy case No. 5:10-bk-61716 under Title 11 of the United States Bankruptcy Code.

4. On 02/11/2011, a meeting of creditors was held at the direction of the Trustee. One issue raised by the Trustee was regarding the value of my Property and the amount of the alleged debt. I did not (and do not) know the value of the Property and submitted the value as "unknown" in the bankruptcy schedules. Accordingly, the Trustee asked me to obtain a Comparative Market Analysis for the Property from an independent third party ("CMA") so the Trustee could have an estimated value. The Trustee also asked me to provide a payment statement for the Property so he could see what is allegedly owed on the Property. Accordingly, the Trustee continued the Meeting of Creditors to 02/25/2011.

5. The continued Meeting of Creditors was held on 02/25/2011 and I provided the information requested by the Trustee. Upon review of the information and conclusion of the Meeting, the Trustee stated that he was completed with his work and would

MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY

1 "close the case"; indicated he viewed the alleged debt on the
2 Property was more than the estimated value, and he would not
3 pursue any further action on the Property.

4     6. As a consequence, the Trustee caused to be filed on
5 03/11/2011 a Chapter 7 Trustee's Report of No Distribution.

6     7. By this Motion, I seek a court order compelling the
7 Trustee to abandon my Property on the grounds the Property is
8 burdensome to the estate.

9     8. I have given Notice of the Motion to the Trustee, U.S.
10 Trustee and all other interested parties in this case and I
11 believe it is the best interest of the Trustee and Bankruptcy
12 Estate to abandon my Property and obtain an order on my Motion
13 without a hearing.

14     9. I respectfully request that this Court grant my Motion to
15 Compel the Trustee Abandon my Property.

18 Dated: 4/1/11

                                                 *Kimberly Cox*
                                              Kimberly Cox, Declarant