Timothy Y. Fong
CA SBN #255221
3333 Bowers Avenue, STE 130
Santa Clara, CA 95054
Tel 408-627-7810
Fax 408-457-9417
tyfong919@gmail.com

Attorney for Debtor
Kimberly Cox - 9054
131 Sutphen St.
Santa Cruz, CA 95060

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: <br><br> KIMBERLY COX <br><br>   Debtor | Case No. 5:10-bk-61716 <br><br> Chapter 7 |
| KIMBERLY COX <br>   Plaintiff, <br> vs. <br><br> RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2; AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP; does 1-1000; and, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, <br><br>   Defendants. | COMPLAINT TO DETERMINE THE VALIDITY, EXTENT, INTEREST, AND SECURED STATUS OF ALLEGED LIEN AND ASSOCIATED DEBT; TO DISALLOW CLAIMS AS SECURED AND CANCEL SECURITY INSTRUMENT; FOR DECLARATORY RELIEF; FOR INJUNCTIVE RELIEF TO STOP FORECLOSURE; AND, TO QUIET TITLE <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Adv. Proc. No. |

COMES NOW debtor and plaintiff KIMBERLY COX ("COX") who herein alleges the following:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of California has jurisdiction over this proceeding pursuant to §§ 151, 157 and 1334(b) of Title 28 of the United States Code.

2. This Adversary Proceeding is brought pursuant to §§ 105, 506 and 523 of the Bankruptcy Code, § 3201 et seq. of the California Commercial Code, California Code of Civil Procedure § 760.010 et seq., Civil Code § 2923.5 and Rule 7001 of the Federal Rules of Bankruptcy Procedures.

3. The Claims for relief asserted herein arise under §§ 105, 506 and 523 of the Bankruptcy Code, and arise in a Chapter 7 Case under Title 11 of the United States Code. This adversary proceeding is a core proceeding within the meaning of § 157(b) et seq of Title 28 of the United States Code in that this is an action to determine the nature, extent and validity of an alleged lien (through a purported Deed of Trust) on property evidenced by an alleged note that Defendants have failed to produce or otherwise show that they are real parties in interest, holders, holders in due course or otherwise true creditors therefore requiring a determination of the allowance or disallowance of any claim(s) Defendants might make.

4. Venue is proper in this district pursuant to Section 1409 of Title 28 of the United States Code.

| | |
|---|---|
|1| **PARTIES** |
|2| **PLAINTIFF:** |
|3| 5.  KIMBERLY COX ("COX") is an individual, and debtor within |
|4| the above captioned bankruptcy case, having filed a voluntary |
|5| petition for relief under Chapter 7 of the Bankruptcy Code on |
|6| 11/12/2010 in the United States Bankruptcy Court Northern |
|7| District of California and is an individual who at all times |
|8| herein resides in the County of Santa Cruz, City of Santa Cruz |
|9| and is the owner and occupant of the real property described as |
|10| follows and otherwise commonly known as 131 Sutphen St., Santa |
|11| Cruz, CA 95060 ("Property"): |

> **LOT 8, AS THE SAME IS SHOWN AND DESIGNATED UPON THAT CERTAIN MAP ENTITLED, "SUTPHENS ADDITION TO SANTA CRUZ, SEPT. 1889, E. D. PERRY, SURVEYOR", FILED FOR RECORD IN THE OFFICE OF THE COUNTY RECORDER ON SEPTEMBER 26, 1889, IN MAP BOOK 10, PAGE 22, SANTA CRUZ COUNTY RECORDS.**
>
> **EXCEPTING THEREFROM THE HEREINABOVE DESCRIBED LANDS SO MUCH AS WAS CONVEYED TO A. L. WHITNEY BY DEED RECORDED JULY 16, 1890, IN VOLUME 73 OF DEEDS, PAGE 352, RECORDS OF SANTA CRUZ COUNTY, BEING A STRIP OF LAND APPROXIMATELY EIGHT FEET IN WIDTH ALONG THE NORTHERLY LINE OF SAID LANDS TO BE --"PERPETUALLY KEPT OPEN, USED AND MAINTAINED AS AN ALLEY WAY-".**
>
> **APN: 008-091-17**

**DEFENDANTS:**

6.  Defendant RECONTRUST COMPANY, N.A. ("RECON") is not listed on the California Secretary of State's website as a California registered Corporation or LLC.  COX could not find any other business license or registration for RECON and therefore remains a business type unknown to COX.  RECON'S address is shown as 1800 Tapo Canyon Rd., Simi Valley, CA 93063.

-3-

COMPLAINT

Case: 10-61716   Doc# 26   Filed: 04/12/11   Entered: 04/12/11 16:06:59   Page 3 of 20

(See Exhibit No. 1) COX is therefore informed and believes, and thereon alleges, that RECON, at all times mentioned herein, is not licensed or registered to conduct business in California or County of Santa Cruz and finds no evidence it ever was.

7. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is shown as a separate Delaware corporation with an address of P.O. Box 2026, Flint, MI 48501-2026. (See attached Exhibit No. 8) The Delaware Division of Corporations shows two entries/entities for MERS; one incorporated 10/16/1995 and another incorporated on 01/01/1999. (See attached Exhibit No. 2) The California Secretary of State website has two entries for MERS. One entry dated 07/21/2010 shows an "ACTIVE" Status. (See Exhibit No. 2 p.5-6) COX is therefore informed and believes, and thereon alleges, that MERS was not registered or licensed to conduct business in California or the County of Santa Cruz prior to 07/21/2010.

8. Defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 ("BONYM"), was an entity unknown to COX until mentioned in various documents provided by other Defendants, namely RECON and MERS. (See Exhibit Nos. 7, 9 and 14) Upon a search on the MERS website (http://www.mers-servicerid.org) "Investor" is shown as "The Bank of New York Mellon, N.A. CYPRESS, CA". (See Exhibit No. 15) COX is therefore informed and believes, and thereon alleges that

-4-

COMPLAINT

Case: 10-61716   Doc# 26   Filed: 04/12/11   Entered: 04/12/11 16:06:59   Page 4 of 20

1  Defendant BONYM is one and the same entity listed as the
2  "Investor" on the MERS website and that BONYM is a Mortgage
3  Backed Securities Trust formed under strict New York Trust Laws
4  and of an unknown capacity to conduct business in California or
5  the County of Santa Cruz.  (Also see Exhibit No. 14 and/or
6  http://www.secinfo.com/$/SEC/Registrant.asp?CIK=1316260 and
7  Exhibit No. 15)

8     9. Defendant AMERICA'S WHOLESALE LENDER ("AWL") was listed
9  as a "CORPORATION organized and existing under the laws of NEW
10 YORK" and as the "Lender" in the recorded Deed of Trust dated
11 December 10, 2004.  (See Exhibit No. 8)  The State of New York
12 Division of Corporations shows AWL being registered on December
13 16, 2008 as a New York Domestic Business Corporation.  (See
14 Exhibit No. 3)  COX is informed and believes, and thereon
15 alleges, that AWL, at all times mentioned herein, is not
16 registered or licensed to conduct business in California or the
17 County of Santa Cruz and has found no evidence it ever was.
18 That AWL as "Lender" was "[a] CORPORATION existing under the
19 laws of NEW YORK" "Lender's address is P.O. Box 10219, Van Nuys,
20 CA 91410-0129" as purported in the DOT (see Exhibit No. 8 p.3 ¶
21 C) was misleading and untrue.

22    10. Defendant COUNTRYWIDE HOME LOANS, INC. ("CWHL") is
23 currently registered in California as a Corporation and at all
24 times mentioned herein, doing business in the State of
25 California and County of Santa Cruz.  (See Exhibit No. 4)
26 ///

-5-

COMPLAINT

Case: 10-61716   Doc# 26   Filed: 04/12/11   Entered: 04/12/11 16:06:59   Page 5 of 20

CWHL was the "originator" of the purported "loan" and "mortgage transaction" the subject of this action.

11. Defendant BAC HOME LOANS SERVICING, L.P. ("BAC") is registered in California as a Limited Liability Company and at all times mentioned herein, doing business in the State of California and County of Santa Cruz. (See Exhibit No. 5)  BAC has been purported to be a subsidiary of Bank of America, N.A. Given the numerous name type styles used by Bank of America and or/its subsidiaries and misleading nature of these different names and initials or abbreviations that have been used; "BAC" shall be used herein, to include any and all versions of the Bank of America name type style, including but not thereby limited to, BAC, BAC Home Loans Servicing, Bank of America, N.A., Bank of America, National Association, etc.

12. COX is ignorant of the true names and capacities and/or degrees of responsibility of defendants sued herein as DOES 1-1000, and therefore, sues these defendants by such fictitious names.  COX will amend her complaint to allege their true names and capacities when ascertained.  COX is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that COX's losses as herein alleged were proximately caused by Defendants' their agents, successors or assigns conduct.

///

///

**STATEMENT OF FACTS AND GENERAL ALLEGATIONS**

13. COX purchased her Property in 1998. In 2004, she refinanced the Property to get a lower rate and to pay off her previous loan. As CWHL was the company COX dealt with, COX was led to believe that CWHL was lender. As was subsequently discovered, CWHL was merely the loan "originator" and initially acted as the loan "servicer" and a "straw man" for the undisclosed true "lender." Upon closing the loan transaction at First American Title Company in Santa Cruz California, COX believes she executed an "ADUSTABLE RATE NOTE" apparently in favor of AWL ("Note") and a "DEED OF TRUST" ("DOT") on 12/10/2004; each of which was included within a large stack of other closing documents for COX to sign.

14. COX did not recognize, nor was it pointed out to her, that AWL was listed as the "Lender" in the closing documents. (See Exhibit No. 6 p.1 ¶ 1 and Exhibit No. 8 p.2 ¶ C) A Deed of Trust was subsequently recorded in the Official Records of Santa Cruz County ("Recorder's Office", "Record" or "Recorded") as document number 2004-0089505 on 12/21/2004.

15. After a number of years of receiving statements from; and paying CWHL mortgage payments, sometime between April and June of 2009, COX started receiving payment statements from Bank of America using various different name styles. Due to a different company attempting to collect payments and COX starting to have servicing problems including misplaced and improperly applied payments, she started sending Qualified Written Requests under

RESPA ("QWR or QWRs") to both CWHL and BAC[1] to try and verify the status of her loan.  Both CWHL and BAC refused to comply fully with COX's QWR requests but each sent some copies of documents, two of which, were purported to be copies of the Note and DOT. The copies of the Note and DOT sent by both companies appeared identical and each was *not* a copy of the original COX asked for. Each document received was a copy **of a copy** as evidenced by the title company stamp on the top of the pages.  (Compare the recorded copy of the DOT in Exhibit No. 8 to the copies sent by CWHL and BAC as Exhibit No. 22)

16. Bank of America, stated it was the parent company for BAC in a letter dated June 24, 2009, and purported that "The owner of this loan is Bank of New York whose address is 101 Barclay St, 4W New York, NY 10286."  (See Exhibit No. 7 p.2 ¶ 3)  This is the first and only time COX ever heard of any alleged involvement of the Bank of New York.  (Also see Exhibit No. 13)

17. Exhibit Nos. 7 and 13 also state that "Bank of America services the loan on behalf of the owner."  COX was never notified within 15 days of any change of servicer (Servicing

---

[1] COX submitted numerous QWRs to all Defendants except to BONY or BONYM asking for copies of both sides of the original Note including any evidence indorsement, assignment or allonge.  Each Defendant failed to provide such evidence that they or anyone else had any legal possession of the original Note.  All any Defendant provided were copies **of a copy** of the Note (evidenced by the Title Company stamp on it) with Defendant CWHL indicating that what they produced were all the documents they had; therefore tacitly admitting the original note did not exist. (See Exhibit No. 12 § 2 and Exhibit No. 13 p.2 § 4).

-8-

COMPLAINT

Case: 10-61716   Doc# 26   Filed: 04/12/11   Entered: 04/12/11 16:06:59   Page 8 of 20

Transfer Statement) by either the original servicer CWHL, Bank of America or BAC (which is a violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605.)

18. RECON purported to be "[a]cting as an agent for the Beneficiary…" under the DOT and caused a "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" ("NOD") to be Recorded as document number 2009-0055087 on 11/24/2009. (See Exhibit No. 9)

19. The NOD listed BONYM as the contact to find out the amount COX was allegedly required to pay or arrange for payment to stop the foreclosure. This was the first time COX ever heard of any alleged involvement of BONYM. (See Exhibit No. 9 p.2 ¶ 1)

20. The NOD further purported that RECON was acting as an agent for the beneficiary under the DOT, supposedly executed by COX "[a]s Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary…" (See Exhibit No. 9 p. 2 ¶ 4) This is the first time COX ever heard of any involvement of RECON.

21. On 12/07/2009; RECON caused to be Recorded a "SUBSTITUTION OF TRUSTEE AND ASSIGNMENT OF DEED OF TRUST" ("ST&ADOT") as document number 2009-0056700, which purported that MERS was the "Beneficiary" in the DOT. (See Exhibit No. 10)

22. On July 12, 2010 COX sent a "NOTICE OF NON-COMPLIANCE, WRONGFUL FORECLOSURE AND DEMAND TO CEASE AND DESIST" ("Demand") to RECON alleging their lack of authority and also notifying them of the forgeries COX identified in the copies **of copies** of

-9-

COMPLAINT

the purported DOT previously sent to COX by CWHL and BAC.  (See Exhibit No. 19)

23. On or about 01/04/2010; RECON sent COX their response to COX's Demand. (See Exhibit No. 20)  In RECON'S response, they provided what appears, might be a copy of the purported DOT (which authenticity of, as of yet, cannot be determined without a physical and forensic examination of the actual document). RECON continued to provide however; what appeared to be the same copy **of a copy** of the Note.  Because both the documents and cover letters provided in response to COX's QWRs from both CWHL and BAC contained the same copies **of copies** previously provided, COX is further informed and believes and thereon alleges, that the actual physical Note and any required indorsement thereof, does not exist.

24. On 03/17/2010; RECON caused to be Recorded, a "NOTICE OF TRUSTEE'S SALE" as document number 2010-0010626 ("NOTS").  In the NOTS, RECON purported to be the "[d]uly appointed trustee pursuant to the Deed of Trust executed by KIMBERLY COX…"  COX is informed and believes and thereon alleges that RECON had no such authority.

25. Because COX contends that the initials on pages 2-14 of the DOT were not hers which called into question whether the recorded DOT was the one she purportedly signed; COX caused to be Recorded as document number 2010-0025490 on 07/02/2010, a Notice and Declaration denying the authenticity and any authority of said instrument.

-10-

COMPLAINT

Case: 10-61716   Doc# 26    Filed: 04/12/11    Entered: 04/12/11 16:06:59    Page 10 of 20

## FIRST CLAIM FOR RELIEF

**[Declaratory Relief to Determine the Validity, Extent, Interest and Secured Status of Alleged Lien and Associated Debt]**
**[As to All Defendants]**

26. COX incorporates the allegations contained in paragraphs 1-25 by reference as though fully set forth hereat.

27. An actual controversy exists between COX and all Defendants concerning their respective rights and duties regarding the Property the subject of this Complaint. COX contends she holds an interest in the Property without any secured claim available to any and all Defendant(s) due to the lack of proof the Note currently exists, and lack of a legitimate holder or holder-in-due-course of same, recorded DOT and associated break in the Chain of Title.

28. COX contends that the Note, if proven to currently exist, is unenforceable for these, among other reasons: a) the Note was made to a non-existent entity; and, b) because the Deed of Trust was separated from the Note when attempts to assign only the DOT to BONYM was recorded without the requisite authority. Assignment of the Note carries with it the security but assignment of the Security without the Note is a legal nullity. In *Carpenter v. Longan* the United States Supreme Court announced the classic statement of this rule: "**the note and mortgage are *inseparable*…, the assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.**" *Carpenter v. Longan*, 83 U.S. 271, 274, (1872) (emphasis added). As a result of the Defendants' actions, if such a debt exists at

-11-

COMPLAINT

Case: 10-61716   Doc# 26   Filed: 04/12/11   Entered: 04/12/11 16:06:59   Page 11 of 20

all, it is dischargeable in COX's Chapter 7 proceeding as an unsecured debt. COX further contends that the DOT is voidable for the reasons stated herein above (and hereby declares it void) and/or void because of the forgeries contained in the DOT as constructively noticed by COX's declaration recorded on 07/02/2010 as document number 2010-0025490. (see Exhibit No. 16) COX is informed and believes and thereon alleges, based on the Recorded documents, statements being received; and, attempts to foreclose on COX's Property, that Defendants contend that the DOT and Note are enforceable and they somehow have a remaining interest in the Property.

29. COX desires a judicial determination and declaratory relief by such determination of COX's and Defendants' respective rights and duties; specifically, that the 12/10/2004 DOT is ineffective, void and a legal nullity and that any interest claimed thereby is null and void or at the very least, unsecured and dischargeable in her Chapter 7 Bankruptcy.

**SECOND CLAIM FOR RELIEF**
**[Declaratory Relief to Disallow Claims as Secured and Cancel Security Instrument]**
**[As to All Defendants]**

30. COX incorporates the allegations contained in paragraphs 1-29 by reference as though fully set forth hereat.

31. The written instrument that purports to be a Deed of Trust allegedly executed by COX is alleged to presently exist under at least one of the Defendants' control. A certified copy

///

-12-
COMPLAINT

of the recorded instrument is marked Exhibit No. 8 and attached hereto and incorporated by reference in this Complaint.

32. The DOT is voidable because there is no valid, enforceable, and to date, no evidence that the actual Note, for the DOT to secure it, exists.

33. Because the Note and DOT were titled to AWL as the "Lender" a New York Corporation, which did not exist, and AWL was not a legal entity at the time the instruments were drafted and purportedly signed; both the Note and DOT are invalid instruments and the Property remains unsecured. (See, Cal. Civ. Code §§ 1558 and 1559 as applicable)

34. In addition, by the constructive notice by COX's Recording of the Declaration attached as Exhibit No. 16, the DOT is void due to the forgeries contained therein. COX herewith notifies Defendants, and each and every one, that the DOT attached as Exhibit No. 8 for the reasons stated hereinabove, is void and respectfully requests that this Court cancel the DOT declaring it null and void and without any force and/or effect.

35. Whether or not the Court cancels the DOT as invalid or void, COX is informed and believes and thereon alleges, as claimed elsewhere within this Complaint, Defendants, their agents, successors or assigns, in attempting to securitize the DOT have separated the DOT from the Note and caused a fatal break in the chain of, and irreversibly clouded the title.

36. Evidenced herein and attached as Exhibit No. 13 p.2 ¶ 4, is a letter from Defendant CWHL dated April 22, 2009, along with

two letters from Bank of America Home Loans attached as Exhibit No. 7 p.2 ¶ 3 and Exhibit No. 17 p.2 ¶ 6, in response to COX's QWRs, state the "owner of [the] loan" is "Bank of New York whose address is 101 Barclay St. 4W, New York, NY 10286." ("BONY")

37. The purported DOT clearly states that AWL is the "Lender" and there has been no recorded assignment of the DOT and indorsement of the Note to BONY (or anyone else) by AWL produced. In addition; by RECON wrongfully and fraudulently recording the ST&ADT on 12/17/2009, the purported DOT was further removed from the Note, irreversibly and fatally clouding title (an A to D attempted assignment or transfer). If the loan was actually "securitized", any authorized assignment of the purported DOT and alleged indorsement of the Note had to comply with the Pooling and Servicing Agreement[2] per strict New York Trust Laws, associated IRS REMIC Rules and put into the pool. There has been no evidence to date that this occurred.

37. Because of the breaks in and cloud on title, bifurcation of the DOT from the Note and associated fraudulent attempts to assign the DOT absent indorsement and/or perfection of the Note, and any and all claims Defendants might make as unsecured and

---

[2]See Exhibit No. 14 p.298 re the requirements related to complying with the assignment of mortgage assets including the original security agreement (DOT), an assignment of mortgage in recordable form; the original note endorsed without recourse in blank or to the order of the trustee, etc. Note; the cut-off date for the loan pool was January 1, 2005. RECON has attempted to assign the mortgage as agent for MERS some 4 years later to BONYM the attached report attached as Exhibit No. 14 shows the breaks in the chain of title causing the loan to be unsecured.

-14-

COX respectfully requests this Court declare the alleged loan discharged in COX's Chapter 7 Bankruptcy; and, cancel the security instrument (DOT).

**THIRD CLAIM FOR RELIEF**
**[Injunctive Relief to Stop Foreclosure Action]**
**[As to RECON and MERS]**

38. COX incorporates the allegations contained in paragraphs 1-37 by reference as though fully set forth hereat.

39. Defendant RECON has commenced foreclosure action against COX purportedly allowed under the DOT. Even though the automatic stay thus far remains in place and said foreclosing Trustee's Sale was most recently shown on RECON'S website to be scheduled for March 28, 2011 was subsequently cancelled, COX contends that any such scheduling in and of itself was a violation of the automatic stay. Notwithstanding the scheduling of the Trustee Sale, should RECON have actually conducted the Trustee Sale, certainly selling the Property would have violated the automatic stay. Although there is currently no evidence that RECON has scheduled any new Trustee's Sale(s); scheduling then rescheduling the Trustee's Sales, has been the pattern of RECON. Any associated sale of the Property would cause COX great and irreparable injury, in that property is inherently unique, and COX would not have the beneficial use and enjoyment of her property when losing her home. Therefore; given RECON and MERS past behavior of scheduling Trustee's Sales even with the automatic stay in place, and COX not knowing from one minute to the next if the sale will actually take place, each Defendant

must be enjoined from scheduling or conducting any such sale at any time now or in the future.

    40. The DOT lists MERS as a purported "[S]eparate corporation that is acting **solely as a nominee** for Lender and Lender's successors or assigns. MERS is the beneficiary under this Security Instrument." (Emphasis added) (See Exhibit No. 8 p.2 ¶ E) According to the California Secretary of State's website, MERS was not registered or licensed to conduct business in California during the time which RECONTRUST purports, pursuant to the DOT, that MERS was the alleged beneficiary. (See ¶ 7 above and the DOT Exhibit No. 8) There have been many cases throughout the Country where Courts have ruled MERS is NOT a true beneficiary[3]. Therefore; for this, among other reasons, the NOD recorded by RECON purporting to be an agent for the beneficiary MERS, was invalid and fraudulently recorded. The ST&ADOT states "[t]he present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations

---

[3] The NOD purports that RECON was acting as an agent for the Beneficiary under a Deed of Trust dated 12/10/2004. MERS has no pecuniary interest, nor does MERS accept payments; therefore, MERS is NOT a beneficiary and cannot record the DOT, NOTS, assign the DOT or substitute the foreclosing trustee. See, In Re *Rickie Walker* Case No. 10-21656-E-11 in the Eastern District of California in which the court ruled that MERS could only transfer whatever interest it had in the Deed of Trust. Further, as expressly stated in ¶ 24 of the DOT (Exhibit No. 8): only the "**Lender, at its option, may from time to time appoint a successor trustee…**" and "**This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.**" (emphasis added) **Therefore, only the actual Lender shall make a substitution of trustee.**

secured," if MERS executed the documents as therein stated then they were fraudulent executed and recorded because MERS was merely a nominee, not a true beneficiary.

41. As stated herein, MERS was, and is not, a real party in interest; was and is not, a true beneficiary; was not registered to conduct business in California prior to 07/21/2010 (see ¶ 7 above); only the Lender was authorized to substitute a trustee (see footnote 3 on p.16); and therefore, MERS did not have then nor does it now, have any authority to substitute a trustee or assign the DOT, which is ultra vires and void.  Accordingly RECON could not do, as a purported agent for MERS, what MERS could not, as a matter of law, do for itself.  Therefore neither MERS nor its purported agent RECON had then, nor does it have now, the requisite authority to foreclose on COX's Property.

42. COX has no other plain, speedy or adequate remedy and the injunctive relief prayed for pursuant to Bankruptcy Rule 7065 of the Federal Rules of Civil Procedure is necessary and appropriate given the past and continued wrongful conduct of RECON, MERS and the other Defendants in order to prevent the irreparable loss COX would suffer.

**FOURTH CLAIM FOR RELIEF**
**[Quiet Title]**
**[As to All Defendants including all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to COX's title]**

43. COX incorporates the allegations contained in paragraphs 1-42 by reference as though fully set forth hereat.

44. COX is the owner in fee simple and in possession of the Property which is COX's homestead; and to which the homestead exemption applies. (See, Recorded Homestead Declaration Exhibit No. 18)

45. COX is informed and believes and thereon alleges, that all Defendants, including all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to COX's title, or any cloud upon COX's title thereto, wrongfully claim an interest or interests adverse to COX in COX's Property.

46. COX therefore seeks to quiet title as of a date to be determined; solely in favor of COX and against all Defendants, and each of them, as to the Property located at 131 Sutphen St., Santa Cruz, CA 95060.

WHEREFORE, COX prays for judgment as follows:

A.   That the Court issue a permanent injunction forever enjoining and restraining Defendants, their agents, attorneys, representatives, and all persons acting in concert or participating with them, from conducting a foreclosure sale on the real property located at 131 Sutphen St., Santa Cruz, California 95060, and each of them from claiming any estate right, title or interest in the Property; and

B. That the Court issue a declaration of rights regarding the propriety of the Deed of Trust and the Notice of Trustee Sale recorded against the Property; and a determination that COX is the sole rightful holder of title to the Property; and that

Defendants herein and each of them, be declared to have no estate, right, title or interest in said Property; and

    C. The Court declares the recorded Deed of Trust is void and any debt related thereto dischargeable and discharged in COX's Chapter 7 bankruptcy; and

    D. The Court order that title to the real property located at 131 Sutphen St., Santa Cruz, California 95060 vests solely in COX and title is forever quieted against all Defendants and each of them, and all persons known or unknown, claiming any legal or equitable right, title, estate, lien, or interest in the Property described in this Complaint adverse to COX'S title; and

    E. That COX recover her attorney's fees and costs in this action; and

    F. That the Court awards all other appropriate relief the Court deems just and proper.

Dated: 04/12/2011

                                               /s/ Timothy Y. Fong
                                               Timothy Y. Fong
                                               Attorney for Kimberly Cox

<u>VERIFICATION AND DECLARATION</u>

I verify and declare that the foregoing Complaint has been reviewed by me; and that the allegations therein are true and correct to the best of my knowledge, information and belief as executed on this 12Th day of APRIL, 2011.

_____
Kimberly Cox