MARK JOSEPH KENNEY (State Bar No. 87345)
ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 677-5548
Facsimile: (415) 677-5664
Email: bjk@severson.com

Attorneys for Defendants
RECONTRUST COMPANY, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS TRUSTEE
FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS CWMBS, INC. CHL
MORTGAGE PASS-THROUGH TRUST 2005-2
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005 2;
AMERICA'S WHOLESALE LENDER;
COUNTRYWIDE HOME LOANS, INC.;
AND BAC HOME LOANS SERVICING, LP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT

SAN JOSE DIVISION

| | |
|---|---|
| IN RE KIMBERLY COX, <br><br> Debtor. | Case No.: 5:10-bk-61716 <br><br> Chapter 7 <br><br> Adversary No.: 5:11-ap-05106 |
| IN RE KIMBERLY COX, <br><br> Plaintiff, <br><br> vs. <br><br> RECONTRUST COMPANY, N.A. ET. AL., <br><br> Defendants. | **MOTION TO DISMISS FOR LACK OF STANDING, FOR LACK OF SUBJECT MATTER JURISDICTION, FOR ABSTENTION, AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** <br><br> Date: June 10, 2011 <br> Time: 2:00 P.M. <br> Ctrm: Courtroom 3070 <br> Place: 280 South First Street <br> San Jose, CA <br><br> Judge: Hon. Charles Novack |

PLEASE TAKE NOTICE that on June 10, 2011 at 2:00 p.m., in Courtroom 3070 of the above-entitled United States Bankruptcy Court located at 280 South First Street, San Jose, CA, Defendants Recontrust Company, N,A. ("Recontrust Company"); Mortgage Electronic Registration Systems, Inc. ("MERS"); The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-2 Mortgage Pass-Through Certificates, Series 2005 2 ("Bank of New York Melon"); America's Wholesale Lender[1]; Countrywide Home Loans, Inc. ("Countrywide"); and BAC Home Loans Servicing, LP ("BAC Home Loans") will move this Court to dismiss the complaint filed by Plaintiff Kimberly Cox ("Plaintiff").

Defendants seek dismissal of this case for lack of standing. The real property at issue and the causes of action relating to it are property of the bankruptcy estate and only the Chapter 7 trustee has standing to bring any claims relating to them.

Defendants seek dismissal of this action for lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1) as incorporated by F.R.B.P. 7012. None of the causes of action arise in or under Title 11 as they could be brought, to the extent they could be brought in any Court of law, in nonbankruptcy Court. The claims also do not relate to administration of the bankruptcy estate as there will be no administration of the bankruptcy estate. Furthermore, if Plaintiff succeeds in receiving an order compelling the Chapter 7 Trustee to abandon the subject real property, the real property will not be part of the bankruptcy estate and by definition cannot be administered.

Defendants seek an order of this Court abstaining from hearing this matter pursuant to 28 U.S.C. § 1334(c). The sole recognized cause of action is for Quiet Title, a state law claim. As

---

[1] America's Wholesale Lender is actually not a separate defendant but a registered fictional business name of defendant Countrywide Home Loans. However, defendants must work within the allegations of Plaintiff's complaint and thus will respond accordingly.

this is a no asset Chapter 7 liquidation, there is no reason for this Court to hear this matter and the Court should allow it to be heard in state court.

Defendants seek dismissal of this action for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6) as incorporated by F.R.B.P. 7012. Plaintiff pleads four purported causes of action, only one of which is actually a cause of action. They are

(1) Declaratory Relief to Determine the Validity, Extent, Interest, and Secured Status of Alleged Lien and Associated Debt;

(2) Declaratory Relief to Disallow Claims as Secured and Cancel Security Instrument Fails;

(3) Injunctive Relief to Stop Foreclosure Action; and

(4) Quiet Title.

Each and every one of these claims fails to state a valid claim and must be dismissed. The majority of the claims are based on the false premise that some break in the chain of title has rendered the Deed of Trust on Plaintiff's residence void and the residence unsecured. Plaintiff's alleged facts show the opposite – that the chain of title is proper. Furthermore, all of the claims except for quiet title are not recognized causes of action, but instead remedies. As the Quiet Title claim is itself baseless, all the claims fail.

This motion is based upon the following memorandum of points and authorities and the accompanying notice of motion, all filed concurrently herewith, the pleadings and papers on file in this action and in the underlying bankruptcy case, and upon such further evidence, both oral and documentary, as may be offered at the time of the hearing.

//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | DATED: May 13, 2011 | Respectfully submitted, |
| 2 | | SEVERSON & WERSON |
| 3 | | A Professional Corporation |
| 4 | | |
| 5 | | By: /s/ Bernard J. Kornberg<br>    Bernard J. Kornberg |
| 6 | | Attorneys for Defendants<br>RECONTRUST COMPANY, N.A.; |
| 7 | | MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; THE |
| 8 | | BANK OF NEW YORK MELLON fka The<br>Bank of New York as Trustee for the Benefit of |
| 9 | | the Certificateholders CWMBS, Inc. CHL<br>Mortgage Pass-Through Trust 2005-2 Mortgage |
| 10 | | Pass-Through Certificates, Series 2005 2;<br>AMERICA'S WHOLESALE LENDER; |
| 11 | | COUNTRYWIDE HOME LOANS, INC.; and<br>BAC HOME LOANS SERVICING, LP |