Ronald H. Freshman
SBN #225136
3040 Skycrest Dr.
Fallbrook, CA 92928
Tel (858) 756-8288
Fax (858) 964-1728
ronfreshman@gmail.com
Attorney for Debtor Kimberly Cox

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KIMBERLY COX,<br><br>          Debtor. | Case No. 10-61716-CN 7<br><br>Chapter 7<br><br>**DEBTOR'S MOTION FOR RELIEF TO SET ASIDE ORDER; REOPEN THE BANKRUPCY CASE AND AMEND THE SCHEDULES; MEMORANDUM OF POINTS AND AUTHORITIES** |

## I. RELIEF BEING SOUGHT AND GROUNDS FOR THIS MOTION

Pursuant to Fed. R. Bankr. P., R. 9024 and Fed. R. Civ. P., R. 60(b) *et seq.*, debtor Kimberly Cox ("Ms. Cox") hereby timely moves for relief, to: (a) set aside the District Court's Order Denying Motion to Reopen dated February 22, 2019 and entered on February 25, 2019 as Dkt. #37 ("Order"); and (b) to reopen the bankruptcy case and amend the schedules as previously moved for,[1] based upon the following reasons, grounds and authorities.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### III. Facts and Argument

**Re the Order**

The Court stated in paragraph 1 of the Order that Ms. Cox sought to "amend Schedule B and list a claim regarding the Truth in Lending Act." This presumptive statement is misleading because: (a) Ms. Cox's undenied and unchallenged Truth in

---

[1] See Dkt. #36 and 36-1.

1

Lending Act ("TILA") rescission ("Rescission") was not a "claim" as characterized by the Northern District of California and 9th Circuit Court of Appeals (and this Court), but a non-judicial remedy, as shown with supporting authority in the operative complaint and briefs, rendered the security and transaction purportedly evidenced by the subject deed of trust, void by operation of law pursuant to, *inter alia*, the Supreme Court decision in *Jesinoski v. Countrywide Home Loans, Inc.* (2015) 135 S.Ct. 790., and had in fact shown, with supporting authorities, that Ms. Cox's Rescission was actually a remedy, NOT a "claim." The claims upon which relief can be granted, stated in the operative complaint, were counts 1-6, which were not addressed by either the Dist. or App. Courts decisions whatsoever. The actual "claims" upon which relief was sought were from those undenied unlawful acts of the defendants (and non-defendants) that did not occur until years after the bankruptcy case closed.

Secondly, the Court mistakenly stated that Ms. Cox sought "standing to pursue the lawsuit in the District Court," she did not. The District Court case, as admitted further in the Order, has already been dismissed and Ms. Cox does not intend and did not state she was going to pursue "the lawsuit in the District Court" any further. In fact, her only recourse to the decision(s) of both the Dist. and App. Courts is to file a petition for a writ of *certiorari* with the Supreme Court of the United States ("SCOTUS") which she intends to do.

The Court admitted in the second paragraph of the Order that it only "examin[ed] the prior decisions from these two courts" which it apparently only relied on. Evidently, the Court failed to determine on its own or consider any contrary arguments made by reviewing and considering the operative amended complaint, previous complaint, briefs, requests for judicial notice (all of which were rejected even though mandatory) or any other related documents filed in those cases let alone any supporting authorities provided, the extensive record, evidence or exhibits; in order to make a more comprehensive determination than was provided in the essentially one-page Order.

2

The Order also stated in the second paragraph, that "debtor does not correctly present their conclusions" related to the Dist. and App. Courts. However, it was the Order that did not accurately present the Dist. and App. Courts' decisions which, as in this Court's Order, were each based on erroneous presumptions and inaccurate factual determinations that were shown in the record to be unrelated to the instant case. Furthermore, "standing" is a jurisdictional issue and each Court stated that they lacked "jurisdiction over the case." This issue will be further addressed herein below.

Contrary to the Order, which relied exclusively on the erroneous statements in Judge Freeman's decision, Ms. Cox did not bring "the same exact argument in the amended complaint." It should also be noted that Ms. Cox's arguments were predominantly if not completely ignored and inadequately considered if at all, in both Court's decisions.

The last sentence in the second paragraph of the Order (2:1-2) further misleads, stating "the claims were property of the bankruptcy estate" which like Judge Freeman's decision, failed to define what the term "claims" meant, which obfuscated the term as it is used in Fed. Court litigation versus its common use or as exclusively used in the bankruptcy context. Again, the inference is that Ms. Cox's TILA Rescission was a "claim" and it was not. Also misleading is the statement that the complaint was dismissed "with prejudice due to lack of standing." It was not. "With prejudice" was never stated even once in either the Dist. or the App. Courts' respective decisions even though stated no less than four times in this Court's Order.

The fourth and last paragraph of the Order (2:6-10) exhibits the limitation of this Court's "examination" of the facts which as stated above and in the Order itself, was merely limited to the "conclusions" in the two decisions which contrary thereto, were not based on the actual facts of the case but were based in inaccurate presumptions. And again, Ms. Cox never sought and does not intend to "pursue any Truth In Lending Act claim"[2] because she does not need to. Her TILA Rescission is not a "claim" as explained to this and the other two courts and ignored by each, even though

---

[2] Essentially, there are only two "claims" that can be stated, seeking relief for a TILA rescission. 1. Is to force the statutorily defined "creditor" to comply with its mandatory duties under 15 U.S.C. § 1635(b); or 2. to seek damages for such

3

1 supporting authority for that fact was provided. Moreover, this Court's Order was
2 error. Both the Dist. and App. Courts' decisions confirmed that "scheduling"
3 the "claims" would in fact have provided "standing" if previously "scheduled" and is
4 the only reason Ms. Cox in deference, moved to reopen the case and amend her
5 schedules. Accordingly, it follows, that standing and therefore jurisdiction would be
6 "confer[red]" as the logical conclusion of the Courts' decisions, by reopening the case
7 and amending the schedules. Ms. Cox contends, is not up to this Court and an abuse
8 of discretion to make this determination. Any such argument should be up another
9 court, during, and as the result of, any subsequent litigation.[3]

---

failure under 15 U.S.C. § 1640. Since *Jesinoski* in 2015, no "claim" is now nor was then required, to effect a TILA rescission because it is effected upon notice (See, *Paatalo v. JPMorgan Chase Bank* (2015) 146 F.Supp. 3d 1239, \*\*13-14 [*Jesinoski* finally decided what the statute has always meant, and the subsequent rescission had retroactive effect]). Any "claim" to seek relief in asserting a TILA rescission by filing a lawsuit, was only required before the *Jesinoski* decision reversed this 9th Circuit's holding that such was required in 2015.

Just as in the *Jesinoski* case, Ms. Cox did not file a lawsuit to state a claim seeking relief for her TILA Rescission, the statute of repose for which terminated in December 2007, long before her bankruptcy case was filed. She, like the Jesinoskis, did however timely notice the statutorily defined "creditor" of her Rescission. Therefore, there was no "claim" available that could have been "scheduled" at that time and accordingly, her real Property and any purported related "debt" against it, were each "scheduled" as unsecured. Ms. Cox only filed the Motion to Reopen and Amend in deference to what she contends is the Dist. and App. Courts' erroneous decisions.

The notion that Ms. Cox had to, at that time, "schedule" a "claim" or "cause of action" to assert her TILA rescission because at some time in the future, the Supreme Court might reverse the 9th Circuit's holding and therefore perhaps any such "claim" might be available as a future asset if you schedule it now, just in case, is of course absurd. Parties like Ms. Cox cannot be expected to be fortune tellers. But that is essentially what the Courts have determined by their decisions she had to be. Again, the actual claims upon which relief can be granted, stated in the operative Complaint were Counts 1-6 for the defendants and non-defendants' unlawful acts that did not commence until the end of 2014, long after her bankruptcy case had closed.

[3] See the authorities provided herein.

**Re the Order's Conclusion and Single Cited Supporting Authority**

The Order cited in the last paragraph, only on authority that was supposed to support its decision. However not only is *In re Marino* (9th Cir. 1999) 181 F.3d 1142, 1144 distinguishable but entirely inapposite and was misrepresented as cited in this Court's Order having been taken out of context; and unrelated to the facts of this instant case whatsoever, to wit:

    1.    As stated hereinabove, this instant case was not dismissed "with prejudice;" and

    2.    There were no "same causes of action" that could be barred in any future litigation because a TILA rescission is not a "cause of action" but a non-judicial remedy, never stated as a claim upon which relief can be granted, anywhere in this instant action (and Ms. Cox contends again, it is not up to this Court to make that determination).

    3.    In re Marino was cited in the Order, evidently in support of *res judicata*.[4] However, the partial citation quoted therein ignores the following:

        a.    The *In re Marino* Court maintained jurisdiction; whereas, in this instant case, the purported "lack of standing" deprived both the Dist. and App. Courts of "jurisdiction over this case;"

---

[4] Although not explained in the Order, if the Court was inferring that collateral estoppel was applicable; because a "party" has the burden of establishing all elements of collateral estoppel and the Court is not a "party" this was error. There are four elements to be established under that "party's" (not the Court's) burden: 1. The same issue in the prior action; 2. The issue was actually litigated (here the issue was NOT litigate; the Dist. and App. Courts denied subject-matter jurisdiction "over the case" because of Ms. Cox's purported "standing"); 3. Such must have been determined by a valid and final judgment; and 4. The determination must have been essential to the final judgment. This was not the case here (see e.g., *Palm v. Klapperman (In re Cady)* (B.A.P. 9th Cir. 2001) 266 B.R. 172, 183, *Watson v. Shandell (In re Watson)* (B.A.P. 9th Cir. 1996) 192 B.R. 739; also see, *In re Berr* (9th Cir. BAP 1994) 172 B.R. 299, 306).

5

    b. The related bankruptcy court in, *In re Marino* actually determined that res judicata did not preclude the filing of the complaint in the Ch. 7 case; "and neither *res judicata* nor collateral estoppel was applicable;"[5] and

    c. "…in the unique world of the bankruptcy rules the particular facts of this case require a determination that Classic was able to press its new complaint. REVERSED."

Whereas, in contrast to the Order and the one inapposite, partial, out of context citation misleadingly provided in support; see *e.g.*, *inter alia*, the following:

> "…although a motion to reopen is addressed to the sound discretion of the bankruptcy court, 'the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered.' *Herzig*, 96 B.R. 264 at 266. In particular, it is an abuse of discretion to deny a motion to reopen where 'assets of such probability, administrability, and substance' appear to exist 'as to make it unreasonable under all the circumstances for the court not to deal with them.' *Id.* (quotation marks and citation omitted). A motion to reopen can be denied, however, where the chance of any substantial recovery for creditors appears '"too remote to make the effort worth the risk."' *Id.* (citation omitted)." *Lopez v. Specialty Rests. Corp. (In re Lopez*) (B.A.P. 9th Cir. 2002) 283 B.R. 22, 26-27

> *Hasso v. Mozsgai* (*In re La Sierra Fin. Servs.*) (9th Cir. 2002) 290 BR 718, 2003 Cal Daily Op Service 2196 [Fifth Amendment due process fails when motion is not properly addressed.]

> Reopening of case is merely ministerial or mechanical act which allows court file to be retrieved to enable court to receive new request for relief; reopening, by itself, has no independent legal significance and determines nothing with respect to merits of any requested order. *In re Haralambous (2001, BC DC Conn) 257 BR 697, 37 BCD 79.*

> Decision to reopen bankruptcy case for "other cause" under *11 USCS § 350(b)* lies within discretion of Bankruptcy Court and will be reversed only for abuse of discretion; in exercising its discretion to reopen case, Bankruptcy Court should exercise its equitable powers <u>with respect to substance and not technical considerations that will prevent substantial justice</u>. *In re Shondel (1991, CA7 Ill) 950 F2d 1301, 22 BCD 694, 26 CBC2d 193.*

---

[5] Reversed by the BAP and upon appeal to the Ninth Circuit; the BAP was also reversed. The Ninth Circuit concluded that merely because a complaint was dismissed having been filed too late, this did NOT create a *res judicata* bar to filing a new complaint.

Motion to reopen Chapter 7 case to add undisclosed claims generally should be granted so that claim can either be liquidated for benefit of creditors or released from estate. *In re Upshur, 317 BR 446 (Bankr. N.D. Ga. 2004)* (criticized in *Steel of W. Va., Inc. v McMellon (In re McMellon) (2011, SD W Va) 448 BR 887, CCH Bankr L Rptr P 81957*).

Dismissal for lack of standing constitutes dismissal for lack of jurisdiction under Rule 41(b) and does not bar assertion of another theory of relief based upon same operative facts. *McCarney v. Ford Motor Co.*, 657 F.2d 230, 32 Fed. R. Serv. 2d (Callaghan) 452 (8th Cir. 1981).

Dismissal for lack of Article III standing had to operate without prejudice. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724 (1st Cir. 2016).

*McCarney v. Ford Motor Co.* (8th Cir. 1981)657 F.2d 230, 32 Fed. R. Serv. 2d (Callaghan) 452 [Dismissal for lack of standing constitutes dismissal for lack of jurisdiction under Rule 41(b) and does not bar assertion of another theory of relief based upon same operative facts.]

*Henderson v. Stalder* (5th Cir. 2005) 265 F. Supp. 2d 699 (E.D. La. 2003), vacated, remanded, 407 F.3d 351 [dismissal of earlier claims had been for lack of standing, and were not final adjudication on merits.]

*Brereton v. Bountiful City Corp.* (10th Cir. 2006) 434 F.3d 1213 [dismissal with prejudice was inappropriate since it was based on jurisdictional grounds.

## IV. CONCLUSION

Although Ms. Cox filed her Motion to Reopen and Amend in deference to the Dist. and App. Courts' decisions; she vehemently believes and the record shows, with supporting authorities, that her Rescission under TILA is not a "claim" but a non-judicial remedy;[6] and was never stated as a "claim" in the operative complaint.

---

[6] Rescission is not a cause of action but a remedy. See e.g., Cal. Civ. Code § 1689; *Crofoot Lumber* v. *Thompson* (1958) 163 Cal.App.2d 324 [329 P.2d 302]; and see 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 797, pp. 719-720.) CA(2d) (2d) "Just as an agreement may produce more than one primary right, or produce more than one transactional nucleus of facts, the conduct of parties to the agreement may provide the evidentiary basis for obtaining rescission on more than one ground, on more than one occasion. The transactional nucleus of facts which generated the second complaint occurred *after* the first judgment;" *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 69-70 (1987) 241 Cal. Rptr. 578,

Notwithstanding the foregoing, because the App. Court affirmed the Dist. Court's decision that both lacked subject-matter jurisdiction due to Ms. Cox's purported "lack of standing" for failing to "schedule" the "claim" they decided was required to be "scheduled" for her to have such "standing," Ms. Cox filed her Motion to Reopen and Amend her schedules accordingly which this Court has denied. Accordingly, Ms. Cox files this Motion to vacate this Court's denial of the Motion to Reopen and Amend for the reasons and upon the grounds stated herein, otherwise, this Court along with the other two Courts will have, *inter alia*, denied Ms. Cox her rights under the 1st, 5th and 14th Amendments of the U.S. Constitution and the comparable sections of California's Constitution by denying her a right to petition the government for redress of her grievances related to defending the title, ownership and possession of her real Property, thereby contributing to the confiscation of her property without due process of law by those without authority to do so.

Dated: February 27, 2019

s/Ronald H. Freshman
Ronald H. Freshman
3040 Skycrest Dr.
Fallbrook, CA 92928
Tel (858) 756-8288
Fax (858) 964-1728
ronfreshman@gmail.com
Attorney for Debtor Kimberly Cox

---

584; *Hafiz v. Greenpoint Mortg.e Funding, Inc.* (N.D. Cal. 2009) 652 F. Supp. 2d 1039, 1048; *Bischoff v. Cook*, 118 Haw. (Haw. App. 2008) 154, 185 P.3d 902, 911. As a remedy, rescission "rises or falls with other claims;" *Ballard v. Chase Bank USA, NA,* (S.D. Cal. Dec. 9, 2010) Civ. No. 10-790 L (POR), 2010 U.S. Dist. LEXIS 130097, at *20; "The right of recession is contingent upon an independent cause of action;" *Cannon v. US Bank, NA*, No. 11-00079 HG-BMK, (D. Haw. May 24, 2011) 2011 U.S. Dist. LEXIS 56598, at *23; *Boatright v. Auora Loan Servs.*, No. C -12-00009 EDL, 2012 U.S. Dist. LEXIS 94801, at *46 (N.D. Cal. July 9, 2012).